1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CRAIG ALLEN EDMONDS,                    No.  2:22-cv-0248 KJM DB PS
12                  Plaintiff,
13        v.                                 ORDER
14   THE JOHN STEWARD COMPANY, et
     al.,
15
16              Defendants.
17

18        Plaintiff Craig Allen Edmonds is proceeding in this action pro se.  This matter was

19   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20   Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis

21   pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff complains about injuries

22   sustained during an eviction.

23        The court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

26   below, plaintiff's complaint will be dismissed with leave to amend.

27   ////

28   ////

                                      1

1 | **I.       Plaintiff's Application to Proceed In Forma Pauperis**

2         Plaintiff's in forma pauperis application makes the financial showing required by 28

3 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4 pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5 leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6 complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8 Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9 Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10 IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11 or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12 District Court to examine any application for leave to proceed in forma pauperis to determine

13 whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14 the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15         Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17 state a claim on which relief may be granted, or seeks monetary relief against an immune

18 defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19 arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21 complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22 factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23         To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26 true the material allegations in the complaint and construes the allegations in the light most

27 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

1  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

2  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5       The minimum requirements for a civil complaint in federal court are as follows:

6       A pleading which sets forth a claim for relief . . . shall contain (1) a
        short and plain statement of the grounds upon which the court's
7       jurisdiction depends . . . , (2) a short and plain statement of the claim
        showing that the pleader is entitled to relief, and (3) a demand for
8       judgment for the relief the pleader seeks.

9  Fed. R. Civ. P. 8(a).

10  **II.     Plaintiff's Complaint**

11      Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing

12  that plaintiff is entitled to relief.

13      **A.     Defendants Michelle Smith, The John Steward Company, and Sacramento**

14  **Elite Patrol**

15      The thrust of the complaint concerns allegations against defendants Michelle Smith, The

16  John Steward Company, and Sacramento Elite Patrol concerning plaintiff's eviction from the

17  Phoenix Park Apartments.  (Compl. (ECF No. 1) at 7-15.[1])  According to the complaint's

18  allegations the defendants "caused an eviction" by refusing to accept plaintiff's rental payment

19  and then used force to remove plaintiff.  (Id. at 7-14.)

20      However, a litigant who complains of a violation of a constitutional right does not have a

21  cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512 U.S. 107,

22  132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the

23  deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare

24  Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a

25  private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v.

26  ////

27  _____

28  [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

3

City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The allegations found in the complaint, however, do not establish that the defendants acted under the color of state law.  In this regard, it appears that the defendants are private parties, not state actors.  "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'"  Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

**B.      Sacramento Housing and Redevelopment Agency**

The complaint alleges that the Sacramento Housing and Redevelopment Agency "failed to take any action that would have been a due process fulfillment," to "prevent [plaintiff's] eviction." (Compl. (ECF No. 1) at 15.)  "There are two possible forms of a due process claim: substantive and procedural."  Friends of Roeding Park v. City of Fresno, 848 F.Supp.2d 1152, 1163-64 (E.D. Cal. 2012).

To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [him] of a constitutionally protected life, liberty, or property interest."  Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).  In this regard, substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'"  Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (quoting Rochin v. California, 342 U.S. 165, 172 (1952)).

To state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections.  Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  Here, the complaint does not identify which type of due process claim plaintiff is asserting.  Nor does it allege any facts

involving the actions of the Sacramento Housing and Redevelopment Agency that state the elements of that claim plainly and succinctly.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

## C.     The Sacramento Police Department

In a vague and conclusory manner the complaint alleges that "the Sacramento Police violated" plaintiff's rights under the Fourth Amendment.  (Compl. (ECF No. 1) at 14.)  "In Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).  In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."  Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

In order to allege a viable Monell claim against the Sacramento Police Department plaintiff "must demonstrate that an 'official policy, custom, or pattern' on the part of [the defendant] was 'the actionable cause of the claimed injury.'"  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1022 (9th Cir. 2008)).  There are three ways a "policy" can be established.  See Clouthier, 591 F.3d at 1249-50.

////

5

"First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" Id. at 1249 (quoting Monell, 436 U.S. at 708 (Powell, J. concurring)).  Second, plaintiff may allege that the local government is liable for a policy of inaction or omission, for example when a public entity, "fail[s] to implement procedural safeguards to prevent constitutional violations" or fails to adequately train its employees.  Tsao, 698 F.3d at 1143 (citing Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992)); see also Clouthier, 591 F.3d at 1249 (failure to train claim requires plaintiff show that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.") (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)); Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) ("To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights.").  "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" Clouthier, 591 F.3d at 1250 (quoting Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).  At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, ////

6

1   957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the

2   specific content of the municipal entity's alleged policy or custom.").

3        Here, the complaint fails to allege any facts that would support a Monell claim.  The

4   complaint also fails to identify the alleged wrongful actions of an identified officer.  A claim that

5   a law enforcement officer used excessive force during the course of an arrest is analyzed under

6   the Fourth Amendment and an objective reasonableness standard.  See Graham v. Connor, 490

7   U.S. 386, 395 (1989).  "'In assessing the objective reasonableness of a particular use of force, we

8   consider: (1) the severity of the intrusion on the individual's Fourth Amendment rights by

9   evaluating the type and amount of force inflicted, (2) the government's interest in the use of

10  force, and (3) the balance between the gravity of the intrusion on the individual and the

11  government's need for that intrusion.'"  Rice v. Morehouse, 989 F.3d 1112, 1121 (9th Cir. 2021)

12  (quoting Lowry v. City of San Diego, 858 F.3d 1248, 1256 (9th Cir. 2017)).

13       Under this standard, "'[t]he force which [i]s applied must be balanced against the need for

14  that force: it is the need for force which is at the heart of the Graham factors.'"  Liston v. County

15  of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San

16  Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  "Force is excessive when it is greater than is

17  reasonable under the circumstances."  Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing

18  Graham, 490 U.S. 386).

19       The Fourth Amendment also protects persons against "unreasonable searches and

20  seizures." U.S. Const. amend. IV.  However, "'[t]he Fourth Amendment permits brief

21  investigative stops . . . when a law enforcement officer has a particularized and objective basis for

22  suspecting the particular person stopped of criminal activity.'"  U.S. v. Edwards, 761 F.3d 977,

23  982 (9th Cir. 2014) (quoting Navarette v. California, 134 S. Ct. 1683, 1687 (2014)).  "In order to

24  satisfy the Fourth Amendment's strictures, an investigatory stop by the police may be made only

25  if the officer in question has 'a reasonable suspicion supported by articulable facts that criminal

26  activity may be afoot[.]'"  U.S. v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir. 2000)

27  (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)).

28  ////

7

Moreover, "'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.'" Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988)). "Probable cause exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). "Alternatively, this court has defined probable cause as follows: when 'under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'" Id. (citing United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)) (alteration in original); see also Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) ("In determining whether there was probable cause to arrest, we look to the totality of circumstances known to the arresting officers, to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime.").

"'While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" Torres v. City of Los Angeles, 548 F.3d 1197, 1206-07 (9th Cir. 2008) (quoting Lopez, 482 F.3d at 1072). "Probable cause is lacking if the circumstances relied on are susceptible to a variety of credible interpretations not necessarily compatible with nefarious activities." Gasho v. United States, 39 F.3d 1420, 1432 (9th Cir. 1994) (citations omitted). "Although 'police may rely on the totality of facts available to them in establishing probable cause, they also may not disregard facts tending to dissipate probable cause.'" Crowe, 608 F.3d at 433 (quoting United States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005)).

## II.     Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

1  1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

2  701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

3  court does not have to allow futile amendments).

4           However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff

5  may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts

6  in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,

7  1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

8  Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

9  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

10  cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

11  1988)).

12           Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend

13  would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted

14  leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file

15  an amended complaint "the tenet that a court must accept as true all of the allegations contained

16  in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause

17  of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.

18  "While legal conclusions can provide the complaint's framework, they must be supported by

19  factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line

20  from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

21           Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

22  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

23  in itself without reference to prior pleadings.  The amended complaint will supersede the original

24  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

25  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

26  and identified in the body of the complaint, and each claim and the involvement of each

27  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

28  ////

must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed February 7, 2022 (ECF No. 1) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[3]

DATED: April 19, 2022                                    /s/ DEBORAH BARNES
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.