UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG ALLEN EDMONDS,<br><br>Plaintiff,<br><br>v.<br><br>THE JOHN STEWARD COMPANY, et al.,<br><br>Defendants. | No. 2:22-cv-0248 KJM DB PS<br><br><br>ORDER |

Plaintiff Craig Allen Edmonds is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 4.) Therein, plaintiff complains about injuries sustained during an eviction.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, plaintiff's amended complaint will be dismissed with leave to amend.

////

////

### I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Amended Complaint

Here, plaintiff's amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the amended complaint vaguely asserts "violations of plaintiff's constitutional rights: Fourth, First, and Fourteenth Amendment . . . and the California's Constitution." (Am. Compl. (ECF No. 4) at 2.[1]) The amended complaint goes on to assert factual allegations concerning various entities such as The John Steward Company, the Phoenix Park Apartments, Sacramento Elite Patrol, and unidentified Sacramento police officers. However, the amended complaint does not allege elements of a cause of action against a specific, named defendant. Thus, it is entirely unclear which defendant or defendants plaintiff is alleging violated which of plaintiff's constitutional rights and how that defendant's conduct was wrongful.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Where multiple defendants are involved, the pleadings must establish a nexus between each defendant's actions and the alleged deprivation of plaintiff's constitutional rights." Drawsand v. F.F. Properties, L.L.P., 866 F.Supp.2d 1110, 1120 (N.D. Cal. 2011). Moreover, "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

The amended complaint alleges in a vague and conclusory manner that the actions of employees of The John Steward Company, Phoenix Park Apartments, and Sacramento Elite Patrol are "directly the responsibility of the state or federal government," because "the Phoenix Park Apartments are a [Housing and Urban Development] apartment complex[.]" (Am. (Compl. (ECF No. 4) at 2-3.) The amended complaint cites no authority in support of this claim. See generally Lane v. Pena, 518 U.S. 187, 193 (1996) ("it cannot be disputed that a reference to 'Federal provider[s]' of financial assistance in § 505(a)(2) does not, without more, establish that

4

1 | Congress has waived the Federal Government's immunity against monetary damages awards");
2 | Perry v. Housing Authority of City of Charleston, 664 F.2d 1210, 1213 (4th Cir. 1981) ("the
3 | legislative history indicates no intention to create in the Housing Act a federal remedy in favor of
4 | tenants"); Atterbury v. Sanchez, No. CV 11-4932 SI, 2012 WL 3638571, at *5 (N.D. Cal. Aug.
5 | 22, 2012) ("The Fair Housing Act protects against discrimination in the sale or rental of housing,
6 | but only where the discrimination is on the basis of race, color, religion, sex, familial status, or
7 | national origin.  42 U.S.C. § 3604.  A landlord's actions that are based on a tenant's complaints
8 | are not actionable as discrimination under the FHA."); Bennett v. New York City Housing
9 | Authority, 248 F.Supp.2d 166, 170 (E.D. N.Y. 2002) ("the Rehabilitation Act does not afford
10 | private plaintiffs a right of action against the federal funding agency").
11 | 10, 1213 (4th Cir. 1981).
12 |      The amended complaint also alleges that the Sacramento Police "violated rights secured
13 | under the Constitution," through "threat of seizure and arrest[.]"  (Am. Compl. (ECF No. 4) at 7.)
14 | The Fourth Amendment protects persons against "unreasonable searches and seizures."  U.S.
15 | Const. amend. IV.  However, "'[t]he Fourth Amendment permits brief investigative stops . . .
16 | when a law enforcement officer has a particularized and objective basis for suspecting the
17 | particular person stopped of criminal activity.'"  U.S. v. Edwards, 761 F.3d 977, 982 (9th Cir.
18 | 2014) (quoting Navarette v. California, 134 S. Ct. 1683, 1687 (2014)).  "In order to satisfy the
19 | Fourth Amendment's strictures, an investigatory stop by the police may be made only if the
20 | officer in question has 'a reasonable suspicion supported by articulable facts that criminal activity
21 | may be afoot[.]'" U.S. v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir. 2000) (quoting United
22 | States v. Sokolow, 490 U.S. 1, 7 (1989)).
23 |      Moreover, "'an arrest without probable cause violates the Fourth Amendment and gives
24 | rise to a claim for damages under § 1983.'"  Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th
25 | Cir. 2001) (quoting Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988)).  "Probable
26 | cause exists when officers have knowledge or reasonably trustworthy information sufficient to
27 | lead a person of reasonable caution to believe that an offense has been or is being committed by
28 | the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing

1   Beck v. Ohio, 379 U.S. 89, 91 (1964)).  "Alternatively, this court has defined probable cause as
2   follows: when 'under the totality of circumstances known to the arresting officers, a prudent
3   person would have concluded that there was a fair probability that [the defendant] had committed
4   a crime.'"  Id. (citing United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)) (alteration in
5   original); see also Crowe v. County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) ("In
6   determining whether there was probable cause to arrest, we look to the totality of circumstances
7   known to the arresting officers, to determine if a prudent person would have concluded there was
8   a fair probability that the defendant had committed a crime.").

9       "'While conclusive evidence of guilt is of course not necessary under this standard to
10  establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are
11  not enough.'"  Torres v. City of Los Angeles, 548 F.3d 1197, 1206-07 (9th Cir. 2008) (quoting
12  Lopez, 482 F.3d at 1072).  "Probable cause is lacking if the circumstances relied on are
13  susceptible to a variety of credible interpretations not necessarily compatible with nefarious
14  activities."  Gasho v. United States, 39 F.3d 1420, 1432 (9th Cir. 1994) (citations omitted).
15  "Although 'police may rely on the totality of facts available to them in establishing probable
16  cause, they also may not disregard facts tending to dissipate probable cause.'"  Crowe, 608 F.3d
17  at 433 (quoting United States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005)).

18      As noted above, however, the amended complaint fails to name a Sacramento Police
19  Officer as a defendant or explain how that officer violated plaintiff's rights.

20  **II.  Leave to Amend**

21      For the reasons stated above, plaintiff's amended complaint must be dismissed.  The
22  undersigned has carefully considered whether plaintiff may further amend the complaint to state a
23  claim upon which relief can be granted.  "Valid reasons for denying leave to amend include
24  undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan
25  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath
26  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall
27  be freely given, the court does not have to allow futile amendments).
28  ////

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that further leave to amend would be futile. Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted leave to file a second amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint filed May 27, 2022 (ECF No. 4) is dismissed with leave to amend.

2. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[3]

DATED: November 10, 2022                /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.